**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**


Francis E. Kepple

    v.                                    Civil No. 10-cv-331-LM

Larry Blaisdell, Warden,
Northern New Hampshire
Correctional Facility


**O R D E R**


Before the Court is Francis E. Kepple's petition for a writ
of habeas corpus (document no. 1), filed pursuant to 28 U.S.C.
§ 2254.  Under the Rules Governing Section 2254 Cases in the
United States District Courts ("§ 2254 Rules"), a habeas
petition filed in this Court will be promptly examined by a
judge to determine whether or not it appears, on its face, to
entitle the petitioner to relief.  See § 2254 Rule 4.  If it
does not, the judge must dismiss the petition.  Id.  If the
petition is not dismissed, the respondent will be ordered to
answer or otherwise respond to the petition.  Id.  For the
reasons that follow, the claims asserting violations of Kepple's
rights based on the admission of a recorded phone call at trial
and ineffective assistance of counsel are dismissed as untimely.
Kepple's claims arising out of an alleged withholding of
exculpatory evidence by the State may proceed.

Background

Francis Kepple was convicted of two counts of aggravated felonious sexual assault, one count of criminal solicitation, and one count of endangering the welfare of a child.  Prior to trial and during the investigation of this matter, the investigating officers arranged to record a phone call made by the victim in the case to Kepple, during which Kepple made inculpatory statements.  A pretrial motion to suppress those statements was denied.

After Kepple was indicted, he requested discovery of, among other things, any information related to a prior accusation of sexual assault the victim had made against her uncle in Fremont, New Hampshire.  The prior accusation, which apparently did not result in a prosecution, was referenced in police records that had been provided to Kepple.  The prosecutor advised Kepple and the court that no such information existed.

After his conviction, Kepple filed a direct appeal in the New Hampshire Supreme Court.  In his direct appeal, Kepple argued that the admission at trial of his statements in the recorded phone call violated his rights under the federal wiretapping statute and the federal constitution.  The New Hampshire Supreme Court affirmed his conviction on January 24, 2005, finding that a phone conversation placed by a law enforcement officer with the consent of one party was

specifically exempted from the restrictions and requirements imposed by federal wiretapping law.  See State v. Kepple, 151 N.H. 661, 665-66, 866 A.2d 959, 962 (2005).  Kepple's petition for a writ of certiorari in the United States Supreme Court was denied on June 13, 2005.  See Kepple v. New Hampshire, 545 U.S. 1116 (2005).

On October 13, 2005, with new counsel, Kepple filed a motion for a new trial in the trial court asserting that the facts admitted in evidence at trial were insufficient to prove the elements of each of the offenses charged, and that his trial counsel had been ineffective.  The trial court granted Kepple partial relief on the sufficiency issue, vacating one aggravated felonious sexual assault conviction, reducing the criminal solicitation conviction from a class A to a class B felony, and reducing the endangering the welfare of a child charge from a class B felony to a misdemeanor.  The trial court denied relief on the ineffective assistance of counsel issue and denied Kepple's request for a new trial.  Kepple filed an appeal in the New Hampshire Supreme Court seeking either the vacation of the remaining charges or a new trial, and raising the ineffective assistance of counsel issue.  The New Hampshire Supreme Court affirmed the trial court's finding on April 18, 2007.  See State v. Kepple, 155 N.H. 267, 280, 922 A.2d 661, 672 (2007).

Kepple took no further action in his case until April 24,
2008, when he initiated a pro se habeas petition in the Coos
County Superior Court.  That petition was denied on August 27,
2008.  It does not appear that Kepple appealed the denial.

During his incarceration, and without the assistance of
counsel, Kepple undertook to discover the whereabouts of the
"uncle in Fremont" who had been the subject of his pretrial
discovery request.  Kepple was able to obtain a police incident
report from the Fremont Police Department identifying the uncle
by name and social security number, and providing contact
information for that individual.  The contact information was no
longer valid for the uncle at the time Kepple obtained it, but
was presumably accurate at the time the report was prepared,
which was less than a year before Kepple had been charged.

With the assistance of his original trial counsel, Kepple
filed a second petition for a writ of habeas corpus in the Coos
County Superior Court.  In that petition, Kepple alleged that
the state had withheld potentially exculpatory evidence in their
possession at the time of his trial, violating his Sixth and
Fourteenth Amendment rights to due process and to confront the
evidence against him, as set forth in Brady v. Maryland, 373
U.S. 83 (1963), and its progeny.  Specifically, Kepple argued
that he would have interviewed the uncle and other relevant
witnesses in preparation for his trial, which might have

4

assisted him in defending his case and would likely have helped

him to discover exculpatory evidence.  Further, Kepple argued

that he was denied access to psychological records at trial

because, in part, he failed to make a sufficient showing of

entitlement to them.  Kepple asserts that the exculpatory

evidence from the uncle would have strengthened his argument to

the trial court that he was entitled to the psychological

records as impeachment evidence bearing on the complainant's

credibility.

The habeas petition was denied.  Kepple filed a notice of

discretionary appeal in the New Hampshire Supreme Court which

was declined on April 28, 2010.

Kepple now brings this petition, raising the following

grounds for relief[1]:

1. Kepple's rights were violated by the admission in
   evidence at his trial of a recorded phone call, as:
   (a) the New Hampshire wiretapping statute violates the
   Supremacy Clause of the United States Constitution by
   exceeding the wiretapping powers granted to the states
   by Congress; (b) the New Hampshire wiretapping statute
   is unconstitutional as applied to Kepple because
   Kepple's charged offenses are not enumerated in the
   federal statute among those that allow a wiretap to
   take place for investigative purposes; (c) evidence
   obtained by state officials during the wiretap was
   improperly used to obtain indictments for certain
   offenses, not enumerated in the New Hampshire

---

[1] The claims as identified in this Order will be considered to be
the claims raised in the petition for all purposes.  If
petitioner objects to the identification of the claims herein,
he must do so by properly moving to amend his petition.

wiretapping statute, without the requisite judicial permission.

2. Kepple's trial counsel was ineffective in that he failed to move the New Hampshire Supreme Court to reconsider its denial of Kepple's direct appeal.[2]

3. Kepple's Sixth and Fourteenth Amendment rights to due process, confrontation, and a fair trial, as set forth in Brady v. Maryland, 373 U.S. 83 (1963), and its progeny, were violated when the state failed to disclose exculpatory evidence in its possession before trial, and represented that the evidence did not exist, where the information existed and was in the state's possession, and: (a) the information was likely to lead to evidence that would support Kepple's defense at trial; and (b) the information would have assisted Kepple in obtaining psychological records bearing on the complaining witness' credibility.

## Discussion

I.    Statute of Limitations – Claims 1 and 2

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244, et seq., sets a one-year limitations period for federal habeas petitions by state prisoners.  See 28 U.S.C. § 2244(d)(1).  AEDPA's one-year time limit runs from the time that the state court judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking direct review.  28 U.S.C. § 2244(d)(1)(A).

---

[2] I note that this petition is being filed by Duncan MacCallum, who was Kepple's attorney at trial and for his direct appeal. Because I dismiss the ineffective assistance of counsel claim as untimely filed, I will not at this time consider the issue of whether or not MacCallum can litigate his own ineffectiveness without creating an actual conflict of interest between himself and Kepple.

Certain statutory exceptions to the statute of limitations exist where the untimely filing was caused by state-impeded relief, new constitutional rights created by the Supreme Court, or newly discovered facts underpinning the claim.  See David v. Hall, 318 F.3d 343, 344 (1st Cir. 2003); see also 28 U.S.C. § 2244(d)(1)(B)-(D).  AEDPA excludes from the one-year limitations period the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).

While the limitations period is stopped during the pendency of properly filed post-conviction state court litigation, it is not reset or restarted by post-conviction litigation initiated after the AEDPA limitations period has expired.  See Cordle v. Guarino, 428 F.3d 46, 48 n.4 (1st Cir. 2005) (post-conviction state court litigation filed after AEDPA's limitations expire does not stop or reset the clock).

Kepple's state court conviction became final on June 13, 2005, the day the United States Supreme Court denied his petition for a writ of certiorari.  See Kepple v. New Hampshire, 545 U.S. 1116 (2005).  In the ordinary course of events, therefore, Kepple's time for seeking a federal habeas petition would have expired one year later, on June 13, 2006.  After four months, however, Kepple filed a motion for a new trial.  That

litigation was pending in the state courts until April 18, 2007.

At that point, Kepple had eight months left during which he

could file a habeas petition containing any federal challenges

to his conviction or sentence that had accrued at that point.

Kepple filed no further state court action until April 24, 2008,

approximately twelve months later.  Kepple's later-initiated

litigation concerning these claims did not reset or restart the

limitations period for purposes of federal habeas eligibility.

The entire limitations period on claims arising out of Kepple's

initial conviction, therefore, expired on or about December 18,

2007, well before Kepple's August 2, 2010, filing in this Court.

Accordingly, his claims numbered 1 and 2 above, raising claims

related to errors he alleged occurred at his trial in this

matter, have been filed beyond the expiration of the limitations

period and are thus untimely.

   II.  Claim Based on Withholding Exculpatory Evidence - Claim 3

     The one-year limitations period applicable in federal

habeas cases, as noted above, generally begins to accrue when

the state court conviction becomes final by the expiration of

direct appeals.  See 28 U.S.C. § 2244(d)(1)(A).  However, where

the state created an impediment to filing a habeas claim, the

date on which the impediment was removed becomes the date from

which the limitations period runs.  See 28 U.S.C. §

2244(d)(1)(B).  Similarly, if a claim is based on newly

discovered evidence, "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence" is the date the limitations period starts to run.  28 U.S.C. § 2244(d)(1)(D).

Kepple specifically requested information about the "uncle in Fremont" and the accusations made against that uncle by the complainant prior to his criminal trial.  At that time, the information was within the possession of the state and easily obtainable by the prosecutor.  Despite this, however, the state affirmatively denied the existence of the material.  Kepple has stated sufficient facts to allege that, by requesting the information in discovery prior to trial, and by relying on the state's assertion that the evidence did not exist, he fulfilled his obligation to exercise due diligence in obtaining this information.

Kepple eventually found the information through his own investigation after he was incarcerated.  It is a reasonable inference from the facts alleged that, by denying the existence of the report about the uncle, the state impeded the discovery of the evidence until the date that they sent Kepple a copy.  Therefore, the one-year limitations period should start to run when the state provided the document to Kepple.  See 28 U.S.C. § 2244(d)(1)(B).

Kepple filed a pro se state habeas petition that was resolved on August 27, 2008.  Prior to the filing of his second state habeas petition on October 23, 2009, less than fourteen months passed.  I presume, for purposes of conducting this review, that Kepple did not possess the information about the uncle prior to the expiration of his pro se habeas petition, and that the information about the uncle was provided by the state between August 27, 2008 and October 23, 2009.  The filing of the state habeas petition, then, may well have occurred before the expiration of the one-year limitations period.  I cannot conclude on the record before me that this claim is untimely, and I will consider whether this claim is able to proceed at this time.

III. Custody and Exhaustion

To be eligible for habeas relief, Kepple must show, for each claim, that he is in custody and that he has either exhausted all of his state court remedies or is excused from exhausting those remedies because of an absence of available or effective state corrective processes.  See 28 U.S.C. § 2254(a) & (b); see also Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997) (explaining exhaustion principle).  Kepple is incarcerated pursuant to a sentence imposed for the conviction challenged here, and thus meets the custody requirement for filing a habeas petition.

"Before seeking a federal writ of habeas corpus, a state
prisoner must exhaust available state remedies, thereby giving
the State the opportunity to pass upon and correct alleged
violations of its prisoners' federal rights."  Baldwin v. Reese,
541 U.S. 27, 29 (2004) (internal citations and quotations
omitted); Clements v. Maloney, 485 F.3d 158, 161 (1st Cir.
2007).  "In order to exhaust a claim, the petitioner must
present the federal claim fairly and recognizably to the state
courts, meaning that he must show that he tendered his federal
claim in such a way as to make it probable that a reasonable
jurist would have been alerted to the existence of the federal
question."  Clements, 485 F.3d at 162; Picard v. Connor, 404
U.S. 270, 277-78 (1971) (to satisfy exhaustion requirement
petitioner must have fairly presented the substance of his
federal claim to the state courts).  A petitioner's remedies in
New Hampshire are exhausted when the New Hampshire Supreme Court
has had an opportunity to rule on the claims.  See Lanigan v.
Maloney, 853 F.2d 40, 42 (1st Cir. 1988).

The purpose of a "fair presentation" requirement is to
"provide the state courts with a 'fair opportunity' to apply
controlling legal principles to the facts bearing upon his
constitutional claim.'"  Anderson v. Harless, 459 U.S. 4, 6
(1982) (quoting Picard, 404 U.S. at 276-77).  A habeas
petitioner may fairly present a claim by doing any of the

following: "'(1) citing a provision of the federal constitution;
(2) presenting a federal constitutional claim in a manner that
fairly alerts the state court to the federal nature of the
claim; (3) citing federal constitutional precedents; or (4)
claiming violation of a right specifically protected in the
federal constitution.'"  Dutil v. Murphy, 550 F.3d 154, 158 (1st
Cir. 2008) (citation omitted), cert. denied, ___ U.S. ___, 129
S. Ct. 2064 (2009).  In some circumstances, a petitioner can
prove that he has exhausted a federal issue by showing that he
cited state court decisions that rely on federal law, or that he
articulated a state claim that is indistinguishable from one
arising under federal law.  See Nadworny v. Fair, 872 F.3d 1093,
1099-1102 (1st Cir. 1989).  The petitioner has the burden of
demonstrating that the state and federal claims are so similar
that asserting only the state claim probably alerted the state
court to the federal aspect of the claim.  See id. at 1100.

     Here, Kepple has asserted that he raised his claims,
numbered 3(a) & (b) above, concerning the newly discovered
exculpatory evidence, and the federal constitutional issues in
those claims in the state Superior Court.  Kepple states that he
filed a notice of appeal in the New Hampshire Supreme Court.
Presuming that the notice of appeal raised the same issues as
were raised in the state habeas action, given that Kepple
brought the appeal of his state habeas proceeding with the

assistance of counsel, it appears that Kepple has set forth
sufficient facts to demonstrate exhaustion of these claims for
purposes of this initial review.  Accordingly, I find that these
claims may proceed.

### Conclusion

Claims 1 and 2, alleging violations of Kepple's rights
based on the admission of the recorded phone conversation at
trial, and based on trial counsel's ineffective assistance, are
dismissed as untimely.

The petition, now containing only the claims numbered 3(a)
and (b) in this Order, shall be served upon Respondent Larry
Blaisdell, Warden of the Northern New Hampshire Correctional
Facility.  See § 2254 Rule 4. (requiring reviewing judge to
order a response to the petition).  Respondent shall file an
answer or other pleading in response to the allegations made
therein.  See id.  The Clerk's office is directed to serve the
New Hampshire Office of the Attorney General as provided in the
Agreement on Acceptance of Service, electronic copies of this
Order and the habeas petition (document no. 1).  Respondent
shall answer or otherwise plead within thirty (30) days of the
date of this Order.  The answer shall comply with the
requirements of § 2254 Rule 5 (setting forth contents of the
answer).

Upon receipt of the response, the Court will determine whether a hearing is warranted.  <u>See</u> § 2254 Rule 8 (providing circumstances under which a hearing is appropriate).

    **SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date:  October 20, 2010

cc:  Duncan J. MacCallum, Esq.


LBM:jba